## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

STEVEN C. HAYES                           )
ADC # 657050                              )
    Petitioner,                   )          **Case No. 5:16-cv-00162 BSM-JTK**
v.                                        )
                                  )
WENDY KELLEY, Director,                   )
Arkansas Department of Correction         )
    Respondent.                   )

## <u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any

documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Steven C. Hayes on May 27, 2016 (Doc. No. 1).  Respondent Wendy Kelley filed a response June 28, 2016 (Doc. No. 9).  After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

For the reasons that follow, it is the undersigned's recommendation that the Motion to Dismiss (Doc. No. 21) be withdrawn, the Motion to Withdraw Motion to Dismiss be granted (Doc. No. 33), and all other motions be denied as moot.  It is further recommended that the petition for writ of habeas corpus (Doc. No. 1) be denied with prejudice.

## Background

Petitioner entered a guilty plea on December 10, 2014.  He pleaded guilty to four counts of first-degree sexual assault and received a sentence of 336 months.  On May 27, 2016, Petitioner filed his federal habeas petition (Doc. No. 1).  Petitioner subsequently filed a Motion to Dismiss (Doc. No. 21).  The undersigned directed Petitioner to notify the Court within thirty (30) days whether he wished to dismiss his petition or proceed further.  On September 7, 2016, Petitioner informed the Court that he wished to withdraw his Motion to Dismiss (Doc. No. 33).  Also pending are Petitioner's Motion to

Appoint Counsel (Doc. No. 31) and Motions for Order (Doc. Nos. 32, 34).

### Discussion

Construing Petitioner's petition liberally, he now requests relief pursuant to 28 U.S.C. § 2254 based on the ineffective assistance of trial counsel. Specifically, Petitioner asserts counsel was ineffective for (1) failing to investigate prior rape claims by the victim, (2) failing to provide correct sentencing advice, (3) failing to investigate his competency or an insanity defense, (4) failing to investigate his psychiatric history, and (5) making unfulfillable promises. *See* Doc. No. 1, Petition.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Hayes pleaded guilty, and therefore, he had no right to appeal his conviction. *See* Ark. R. App. P. – Crim. 1(a). The relevant starting date occurred on January 16, 2015, thirty days from the date the court filed the judgment and commitment order. *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015) (holding that, when an Arkansas petitioner pleads guilty, the critical date for finality of a state-court conviction is the expiration of the state's filing deadline). Thus, Hayes was required to file his petition for federal habeas corpus by January 16, 2016. It was not filed until May 27, 2016, making the petition untimely.

There is no reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Lack of counsel, lack of legal knowledge and lack of access to a law library or legal research materials, are not circumstances which warrant the application of equitable tolling. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003). Accordingly, the Court finds that the Petitioner's claims are time barred.

The claims are also procedurally defaulted.  A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner failed to present any of his arguments for one *complete* round of review by the state courts, so his claims are procedurally defaulted. To the extent Petitioner would argue *Martinez* to excuse his procedural default, his claim must fail.  *Martinez* merely gave prisoners a chance to have federal courts entertain initial ineffective assistance of trial counsel claims that had not been properly presented to the state courts due to the prisoner's lack of counsel or the ineffective assistance of postconviction counsel.  It does not apply to claims when a petitioner does not attempt to file a timely petition for postconviction relief.  Further, his claims were not defaulted by postconviction counsel; thus *Martinez* does not apply.

**Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must determine whether to issue a certificate of appealability in its final order.  In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2) (2006).  The Court finds no issue on which Petitioner has made a substantial showing of a denial of a constitutional right.  Thus, the Court will not issue a certificate of appealability.

**Conclusion**

IT IS THEREFORE RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be dismissed with prejudice.  The relief prayed for is DENIED.  IT IS FURTHER RECOMMENDED that the Motion to Dismiss (Doc. No. 21) be withdrawn, the Motion to Withdraw Motion to Dismiss be granted (Doc. No. 33), and all other motions be denied as moot.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006).  Because the Court will not issue a certificate of appealability, it certifies that an appeal in forma pauperis would not be taken in good faith.  Fed. R. App. P. 24(a)(3)(A).

SO ORDERED this 19th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE